**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE TYRONE DUNLAP, Jr., | No. 12-15593 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02394-RLH-GWF |
| v. | |
| NEVEN, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Submitted January 15, 2013[**]

Before:     SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Nevada state prisoner George Tyrone Dunlap, Jr., appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging various

constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Dunlap's claim alleging deliberate indifference to his medical and dental needs because Dunlap failed to raise a genuine dispute of material fact as to whether defendants knew of and disregarded an excessive risk to Dunlap's health. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (to establish deliberate indifference based on a delay in treatment, a prisoner must show that the delay resulted in further significant injury or the wanton infliction of pain); *Toguchi*, 391 F.3d at 1057-58 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health and safety; a prisoner's difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Dunlap's claims alleging failure to protect him from inmate assault because Dunlap failed to raise a genuine dispute of material fact as to whether defendants knew of and disregarded an excessive risk to Dunlap's safety. *See id.* at 1057.

The district court properly granted summary judgment on Dunlap's claims alleging retaliation because Dunlap failed to raise a genuine dispute of material fact as to whether defendants took any adverse action in retaliation for his filing of

grievances.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (explaining the elements of a retaliation claim under § 1983).

The district court properly granted summary judgment on Dunlap's claim alleging that defendants poisoned his food because Dunlap failed to provide any evidence supporting that claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (a party may prevail at summary judgment by showing that there is an absence of evidence supporting the nonmoving party's case).

Dunlap's contention that the district court erred in denying his discovery request and defendants' contention that this court should sanction Dunlap for filing a frivolous appeal are unpersuasive.

Dunlap's "Motion to Reverse Order of Summary Judgment" is denied.

**AFFIRMED.**